FRANK S. CAIRNS, and others, *vs.* CHARLES T. WHITTEMORE.

Somerset.    Opinion February 19, 1896.

*Pleading.    Demurrer.    Scire Facias.    Trustee Process.*

A general demurrer to a written statement of matter in defense does not question the form, or formalities of the statement, but only its sufficiency in substance.

The plaintiff, in an action of scire facias against the trustee of his judgment debtor, demurred generally to a written statement filed by the defendant's attorney, without the signature or affidavit of himself. The statement showed sufficient matter in defense. The plaintiff having admitted the truth of the matter by his demurrer, cannot have judgment as for an insufficient plea or answer.

ON EXCEPTIONS.

The case is stated in the opinion.

*E. N. Merrill and G. W. Gower*, for plaintiffs.

Trustee process is a statute remedy and the statute must be followed. *Hanson* v. *Butler*, 48 Maine, 81. Whittemore should answer. R. S., c. 86, § 71.

He shall be examined as he might have been in the original suit. I b. § 71.

If he might, he should be defaulted. I b. § 68.

He cannot answer and disclose by attorney,—only corporations, foreign or alien companies and trustees living out of the county may appear and disclose by attorney. I b. §§ 8 and 24.

The disclosure should be signed and sworn to by Whittemore. I b. § 15.

The case shows that Whittemore resides in the county, and that he has not answered personally, or signed the disclosure, or sworn to it.

All this he attempted to do by attorney, a proceeding unauthorized by statute, and therefore equivalent to no answer or appearance,—hence a default for the full amount should have been ordered, or the demurrer should have been sustained.

*Forrest Goodwin*, for defendant.

SITTING: PETERS, C. J., EMERY, FOSTER, HASKELL, WHITE-HOUSE, WISWELL, JJ.

EMERY, J. The present defendant was summoned, in a former action against one Creighton, to show cause why execution in that action should not issue against Creighton's goods, effects and credits in his, the present defendant's, hands. He did not appear in that action but was defaulted. He is now summoned in this action of scire facias to show cause why the plaintiffs should not have execution directly against him for the amount of their judgment against Creighton, which is some eighty dollars. In obedience to this latter summons, he has appeared by attorney, and by way of answer, or as showing cause, has filed by attorney a written allegation in the form of a plea, that at the time of the service upon him of the writ in the original action he had in his hands belonging to Creighton the sum of nineteen dollars. The plaintiffs filed a general demurrer to this written statement, and

asked for a ruling upon the issue thus formed. The ruling being against them, they have brought the same issue before the law court upon exceptions.

The plaintiffs now contend in argument that the defendant, being a resident of the same county, could not appear and answer by attorney, but could only appear in person, and could only defend by answer or disclosure signed and sworn to by him in person. They claim that the paper filed by the defendant's attorney should be disregarded and the defendant defaulted as if no defense had been offered.

But, at nisi prius, the plaintiffs took no steps to have the defendant's written statement struck out of the case, or taken from the files as an unauthorized mode of making a defense;—nor did they move for a default for want of a properly offered defense. They sought no further discovery from the defendant. They took the ground that the matters alleged showed no cause against their claim. They demurred to the allegation and thus themselves tendered the issue formed by the demurrer, which is, whether the matters alleged in the statement show any cause why execution should not issue against the defendant personally for the full amount of the original judgment.

The plaintiffs, as against this defendant, are entitled to execution only for the amount of Creighton's property they attached in his hands at the time of the service upon him of the original writ. His default in the original action does not estop him from alleging and showing the truth. That default is only evidence against him which may be rebutted. *Townsend* v. *Libby*, 70 Maine, 162. He now alleges, in writing, even if informally, that the amount of Creighton's property then attached in his hands is nineteen dollars. The general demurrer admits this to be true. It follows that execution against him must be for nineteen dollars with costs.

*Exceptions overruled.*


HASKELL, J. I concur in the result. There is no other defense on the merits than disclosure on oath as permitted by statute. Defendant, by plea, appears and "submits himself to ex-

amination on oath." This, the plaintiffs refuse to accept by their demurrer and waive the same. The statement in the plea may, therefore, be considered as if on oath, and shows a defense pro tanto.

STROUT, J., concurs.